## D. B. HUTCHINGS v. T. A. FRAZER.

[Abstract Kentucky Law Reporter, Vol. 6—448.]

**Statute of Limitations.**

>        A plea that the defendant "also pleads and relies on the Statute of
> Limitations as by law provided, as a bar to this action of plaintiff,
> and says plaintiff's right of action, if any he had, or has, is barred
> by lapse of time," is not a good plea of the Statute of Limitations,
> but is defective, and appellant should have required it to be made
> more specific, and where he does not make such a motion in the
> trial court, he can not raise such question in this court.

### APPEAL FROM LOGAN CIRCUIT COURT.

December 13, 1884.

OPINION BY JUDGE HINES:

This is an action to recover damages for the malicious prosecution of a civil suit.

After the pleadings were completed the case, on motion of defendant, was submitted for judgment on the face of the papers and judgment rendered for defendant, now appellee.

Appellant's pleadings show that the action which is charged to have been maliciously prosecuted terminated in 1880. On the 22nd day of March, 1880, the land sought to be subjected by appellee in the first suit was sold under decree and the alleged malicious prosecution then ended so that appellant might then have instituted his action for malicious prosecution. Cooley on Torts, page 186. This action was instituted on the 22nd day of December, 1882. Appellee pleaded the Statute of Limitations. Appellant claims that the Statute of Limitations is not well pleaded, and that, as alleged in his pleadings, he did not, and could not, by any kind of diligence have discovered the fraud of appellee which constituted the wrong on the part of appellee until within six months of the institution of this action. Appellee's plea of limitation is: "He also pleads and relies on the Statute of Limitations as by law provided, as a bar to this action

of plaintiff, and says his right of action, if any he had or has is barred by lapse of time." This technically is not a good plea of the statute, but it is defective and therefore appellant should have required it to be made more specific. This he did not attempt to do by motion nor did he question its sufficiency by demurrer or otherwise. It is too late to raise the objection of technical insufficiency.

As to the failure to discover the alleged fraud on the part of appellee in the prosecution of the first suit, it can not now avail. Section 3, article 3, chapter 71, General Statutes, provides that an action for malicious prosecution shall be commenced within one year next after the cause of action accrued. Section 6 of same article in reference to actions for relief for fraud or mistake does not apply.

The plea of limitation is absolutely good and the facts to sustain it being admitted by the pleadings the court properly gave judgment for appellee as would have been necessary by peremptory instruction if the case had gone to the jury on the admitted facts.

Judgment *affirmed*.

*W. L. Reeves, W. F. Browder, for appellant.*

*W. W. Lyles, R. Rodes, for appellee.*